IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THOMAS GORNIEWICZ | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 08-3419 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Thomas Gorniewicz ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).   Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 18) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 29).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed his applications for DIB and SSI on November 9, 2005 alleging disability

since March 1, 2004 (later amended to October 2, 2006)[1] on the basis of bipolar disorder, psychosis, high blood pressure, diabetes and high cholesterol.  R. at 68, 69-72, 80, 85.  His claims were denied initially and on reconsideration.  R. at 43-45, 48, 49-50.  On March 10, 2008, a hearing was held before an administrative law judge ("ALJ") but Plaintiff did not appear.  Plaintiff's counsel was present and the hearing proceeded with the testimony of the Vocational Expert ("VE").  R. at 26-35.  A supplemental hearing was held on May 5, 2008 and Plaintiff again did not appear.  Counsel for Plaintiff submitted the matter on record and amended the onset date to October 2, 2006.  R. at 38-40, 68.  In a decision dated July 24, 2008, the ALJ denied Plaintiff's request for benefits.  R. at 11-25.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 6-8.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set forth in 20 C.F.R. § 404.1520 and  § 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: diabetes mellitus and affective disorders.  At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work.  At step five, the ALJ concluded that Claimant was

---

[1] The ALJ mistakenly refereed to his amended onset date as October 7, 2006.  R. at 14.  The 5 day error is harmless.

2

capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 11-25.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff argues that the ALJ (1) erroneously assessed Plaintiff's subjective complaints; and (2) erroneously assessed his RFC. The Court finds that neither argument has merit.

 A. Subjective Complaints

Plaintiff argues that the ALJ erred in his evaluation of his subjective complaints because

he required him to produce objective evidence substantiating the intensity, persistency and limiting effects of his subjective complaints. A review of the ALJ's opinion, however, renders this assertion false. At the outset, the Court notes that Plaintiff's counsel acknowledged to the ALJ that the case was really a mental (as opposed to a pain) case. R. at 39  When a claimant alleges disability due, in part, to pain or *other symptoms*, the ALJ must apply the Commissioner's regulations, 20 C.F.R. § §404.1529, 416.929, which establishes a two-step process for evaluating whether a person is disabled by pain or other symptoms, *Chater*, 76 F.3d at 594. At the first step, the ALJ must determine that the objective medical evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. *Id*. At the second step, the ALJ evaluates the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529, 416.929; *Craig*, 76 F.3d at 595. The ALJ must consider all of the available evidence including the claimant's medical history, medical signs, statements by the claimant and his treating physicians, 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1), objective medical evidence, 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2), and any information proffered by the claimant, such as the claimant's daily living activities, an account of what aggravates the symptoms, and a summary of how the symptoms affect daily living. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4), *Craig*, 76 F.3d at 595.

  Here, the ALJ found that Plaintiff had an underlying medical impairment of depression and anxiety which could reasonably be expected to produce some degree of the symptoms alleged. R. at 19. He then moved on to step two and evaluated the extent to which the

symptoms limited Plaintiff's capacity to work. First, the ALJ noted that Claimant's condition was improving and when he was not abusing alcohol, he did not exhibit the symptoms to the degree alleged. R. at 19. Among the evidence he considered was Dr. Fishburne's September 17, 2007 consultative examination, Claimant's activities of daily living, and Dr. Shafi's consultative examination. The ALJ cited Dr. Fishburne's findings that Claimant exhibited only mild to moderate limitations due to bipolar disorder, diabetes mellius, hypertension and peripheral neuropathy. He exhibited mild difficulty in attention and concentration, mildly impaired short-term memory, mild paranoid thoughts, and mild limitations with regard to impulse controls. His intelligence was within the low-average range of abilities and his short term memory deficits were related to his alcohol amnestic disorder. All other mental assessments were found to be in the normal range. His thoughts were clear and goal oriented, insight was marginal and he had no thoughts of suicide. The ALJ noted there was no basis for preclusion from work. R. at 19, 455-58. The ALJ also cited to Dr. Fishburne's report of Claimant's daily activities in support of his finding that his symptoms did not limit him to the degree alleged. Claimant reported doing his own laundry, performing household chores and is independent in his personal care. He spends most of his time at the library where he works on the computer and reads the newspaper. He attends AA meetings regularly. R. at 19, 460. Claimant also denied having any problems with co-workers or supervisors and is able to follow and understand simple instructions independently. R. at 19, 461. Additionally, the ALJ relied on the consultative examination of Dr. Shafi dated September 18, 2007 which indicated generally normal physical findings. Dr. Shafi found normal range of motion, that Claimant was

in no acute distress, that Claimant was able to ambulate without any difficulty, and examination of all extremities was normal. R. at 19, 463-66. All of this constitutes substantial evidence upon which the ALJ relied to find that Claimant's subjective complaints did not limit him to the degree alleged.[2]

    B.    RFC

Plaintiff next argues that the ALJ erred in his RFC determination by failing to set forth a narrative discussion explaining how the evidence supports each finding in his RFC. An RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence. Social Security Ruling SSR 96-8p. The Court disagrees with Plaintiff and finds that the ALJ adequately followed the form of the analysis required by SSR 96-8p. The ALJ found that he was capable of only low stress work with moderate limitations as to completing a normal work day or workweek without interruptions from psychological symptoms and as to performing at a consistent pace without an unreasonable length and number of rest periods; and he has moderate limitations as to accepting instructions and responding appropriately to criticism from supervisors and interacting and getting along with co-workers and peers. He also found Claimant should have no immediate contact with the general public on a regular basis, although he was not precluded from such contact altogether. R. at 18. Claimant now questions (in the broadest fashion) how the ALJ

---

[2] As pointed out by the Commissioner, the overwhelming amount of evidence in the record predates Claimant's alleged onset date of October 2, 2006. After his alleged onset date, the record contains approximately only 20 pages of medical evidence which shows that Claimant received therapeutic counseling at the Trico Corporation from October 12, 2006 to June 22, 2007 and at Pathways, Inc. from August 13, 2007 to January 30, 2008. R. at 475-95.

arrived at each of his RFC findings. However, a thorough reading of his opinion evidences that the ALJ indeed arrived at his findings through a narrative discussion. As mentioned above, the ALJ thoroughly discussed the consultative examination of Dr. Fishburne including his findings of mild difficulty in attention and concentration, mildly impaired short-term memory, mild paranoid thoughts, mild limitations in regard to impulse controls and his low-average intelligence. R. at 19-20, 457-58. He also discussed his activities of daily living. The ALJ noted that Claimant needed a low stress routine *due to his depression and low average IQ score*. R. at 21, 455-58. Additionally, the ALJ's recognition of Claimant's moderate limitations as to completing a normal work day or workweek without interruptions from psychological symptoms and as to performing at a consistent pace without an unreasonable length and number of rest periods is supported by the opinion of Dr. Payne (confirmed by Dr. Dale) to which the ALJ accorded significant weight. R. at 22, 273, 429. The same holds true for the ALJ's finding that Claimant has moderate limitations as to accepting instructions and responding appropriately to criticism from supervisors and interacting and getting along with co-workers and peers. R. at 21-22, 272-73, 429. [3] The restriction that Claimant avoid immediate contact with the general public on a regular basis is attributed to Dr. Fishburne's opinion that Claimant has mild limitation in attention and the need to avoid crowded spaces and the public. R. at 22, 457, 460, 461. In sum, the Court finds that the ALJ did indeed set forth a narrative discussion explaining how the evidence supports each finding in his RFC.

---

[3] Dr. Payne actually found that Claimant had was not significantly limited in his ability to accept instructions and

Plaintiff next argues that the ALJ ignored pertinent evidence in the record.  The Court has reviewed the evidence cited by Claimant.  With respect to Dr. Fishburne's opinion that Claimant had a GAF of 48, the ALJ in fact did review this evidence but assigned it "little weight."  R. at 22.  Plaintiff also points to the treatment notes from Pathways, R. at 476-82 and Trico Corporation, R. at 430-41, 484-95 but does not cite to anything specific within those notes that would alter the ALJ's decision.  Pl.'s Mot. Summ., ECF No. 18 at 9.  Indeed, the observations noted in the treatment notes are consistent with the ALJ's RFC.  Finally, with respect to consultative examination findings of Dr. Cafferty dated April 20, 2006, R. at 246-49, the Court also finds no error.  Dr. Cafferty reported that Claimant's ability to perform activities such as sitting, standing, walking, lifting, handling and carrying objects, traveling and speaking appear to be "diminished" secondary to his bipolar disorder.  R. at 249.  The Court agrees with the Commissioner that these findings are vague and non-specific and do not contain any specific opinion regarding any work limitations Claimant may suffer.  In addition, Dr. Cafferty is not a mental health specialist and the record contains detailed findings from Dr. Fishburne, a mental health specialist, which were discussed and evaluated by the ALJ.  *See* 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) ("We generally give more weight to the opinion of a specialist related to his or her area of specialty than to the opinion of a source who is not a specialist.").  Dr. Fishburne, as well as Dr. Shafi, described the specific work limitations associated with Claimant's mental disorders.  Accordingly, the Court does not find that the ALJ committed

---

respond appropriately to criticism from supervisors and to interact and get along with co-workers and peers.  R. at 273.  The ALJ's more restrictive finding is harmless.

8

reversible error with respect to the various evidence not specifically discussed in his opinion.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: January 5, 2012                              _____/s/_____
                                                   THOMAS M. DIGIROLAMO
                                                   United States Magistrate Judge


Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692